FILED

JAMES J. VILT, JR. - CLERK

JUL 22 2026

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                          CRIMINAL NO.: <u>1:26-CR-23-GNS</u>

ROBERT SCOTT FROBERG                                        DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle Bumgarner, United States Attorney and Brian Butler, First Assistant United States Attorney for the Western District of Kentucky, and defendant, Robert Scott Froberg, and his attorneys, Patrick Boulding and Aaron Dyke, have agreed upon the following:

1.    Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 18, United States Code, Section 1201(a)(1).

2.    Defendant has read the charge against him contained in the Indictment, and the charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3.    Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

> On or about July 24, 1996, Robert Scott Froberg, abducted 7-year-old Morgan Violi from the Colony Apartments in Bowling Green, Kentucky. Froberg fled with Morgan Violi from Bowling Green on I-65 South. He exited I-65 at the White House, Tennessee exit. Froberg pulled over near a barn just off of the exit. Morgan Violi was screaming. Froberg put his hand over Morgan Violi's mouth then he covered her mouth with a handkerchief and pulled on the handkerchief until he strangled Morgan Violi causing her death. Froberg discarded her body near the barn and fled from the scene.

4.      Defendant understands that the charge to which he will plead guilty carries a minimum term of imprisonment of Life; a maximum term of Death; a maximum fine of $250,000, and a maximum term of supervised release of 5 years.  Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty.  In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law.  Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status.  Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

2

A.   If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.   At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.   At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.   Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States and the defendant agree to the following:

-agree that a sentence of Life is the appropriate disposition of this case.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate and is to be due and payable on the date of sentencing.[1]

- recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding, and the defendant will not be allowed to withdraw his plea.

12. Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under USSG §1B1.13(b)(6) ("Unusually Long Sentence").

13. The Defendant understands and agrees that consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

14. If the Court refuses to accept this agreement and impose a sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises are contingent on the district court's subsequent acceptance of this plea agreement.

15. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

16. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

17.    It is understood by the parties that this plea agreement is conditioned upon approval by the Attorney General of the United States. Absent such approval, this agreement is null and void. The parties understand that the United States Attorney's signature on this agreement does not constitute a recommendation to the Attorney General of the United States that the agreement be approved. The parties further agree that if the Attorney General does not approve this plea agreement, this plea agreement (whether final or a draft version) cannot be offered or used at a subsequent trial or sentencing for any reason, including as evidence that the United States Attorney's Office supported a plea agreement in this case or that the defendant was willing to plead guilty as evidence of guilt at trial, or as evidence of remorse at sentencing.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

_____                _____
Brian Butler                                                                July 22, 2026
First Assistant United States Attorney                      Date

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____                _____
Robert Scott Froberg                                              16 July 26
Defendant                                                                   Date

6

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____
Patrick Bouldin
Counsel for Defendant

7/16/26
_____
Date

KGB:BB

7